**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> JAVIER MENDOZA CERVANTES, <br><br> Defendant. | Case No.: 1:16-cv-00485 DAD  JLT <br><br> ORDER GRANTING MOTION TO SET ASIDE DEFAULT <br> (Doc. 19) <br><br> ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS TO GRANT DEFAULT JUDGMENT <br><br> ORDER GRANTING THE DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS <br> (Doc. 18 |

The plaintiff claims that on May 2, 2015, Javier Mendoza Cervantes unlawfully intercepted and broadcast "*The Fight of the Century; Floyd Mayweather, Jr. v. Manny Pacquino Championship Fight Program,*" at the La Tormenta Night Club despite that the he had not purchased the license to do so. (Doc. 1 at 4-6)  When the defendant failed to answer the complaint after the plaintiff filed proof of service (Doc. 11), the Clerk of the Court entered default. (Doc. 13)

Javier Mendoza Cervantes seeks to have the Court set aside the entry of default. (Doc. 19)  He claims that he did not own the nightclub at the time of the broadcast and claims that he did not receive service of the summons and complaint.  He asserts he would answer once he receives service.  Though the Court finds that service was proper on the defendant, it finds good cause to set aside the default because doing so serves the interests of justice.

**I.    Motion to Set Aside the Default**

The Federal Rules of Civil Procedure govern the court's entry of default. Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

> To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *See Franchise Holding II*, 375 F.3d at 925–26. This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. *See id*. Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463; see also *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir.2001); *TCI Group*, 244 F.3d at 695–96.1 *United States v.*

*Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010)

**A.    Discussion and Analysis**

i.    <u>Timeliness</u>

Motions made pursuant to Rule 55 must be made within a reasonable time of the judgment, and no more than one year after entry of judgment. Fed. R. Civ. Proc. 60(c)(1). Here, the Clerk entered default on September 12, 2012. (Doc. 13). The defendant filed his motion to set aside the default three months later. While he offers no explanation for this delay[1], the amount of time that passed is not so significant as to weigh against granting the motion.

ii.    <u>Culpable conduct</u>

Actions are culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 697 (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)). The defendant claims that he was not served though he admits "the business [was] served." (Doc. 19 at 2) Notably, the plaintiff filed a proof of service indicating that "Javier Mendoza Cervantes a/k/a Javier C. Mendoza,

---

[1] Notably, the defendant appeared at court on November 29, 2016 at the time previously set for the motion for default judgment. However, when the defendant did not oppose the motion, the Court vacated the hearing on November 22, 2016 after finding the matter suitable for decision without hearing (Doc. 16). At that time, the Clerk of the Court personally served the defendant with the Findings and Recommendation to grant the motion for default judgment. The Court surmises that seeing the amount that the judgment was recommended to be spurred the defendant into action.

individually and d/b/a La Tormenta Night Club" was personally served with the summons and complaint on August 17, 2016 at 8910 Winlock Street in Bakersfield (Doc. 11) where the defendant admits he resided in the past. (Doc. 19 at 3) He offers no explanation as to when he moved from the Winlock address or how he became aware of the lawsuit or why he believes service was effective on the business but not him despite that only one service occurred.[2] He *does* explain that he "sold the bar in around March 2015" (Doc. 19 at 3), but the plaintiff points out that the liquor license remained in the defendant's name until August 2015 (Doc. 20 at 5). Thus, the Court does not find that the defendant has adequately explained his conduct and has not overcome the proof that he was personally served. Thus, this factor weighs against setting aside the default.

### iii. Meritorious Defense

In seeking to vacate a default, a defendant "must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700. However, the burden "is not extraordinarily heavy." *Id.* A defense does not have to be proven by a preponderance of the evidence, but the moving party must establish "a factual or legal basis for the tendered defense." *Tri-Con't Leasing Corp., Inc. v. Zimmerman*, 485 F. Supp. 496, 497 (N.D. Cal. 1980).

The defendant asserts that he sold the bar before the program was intercepted and broadcast at the night club. (Doc. 19 at 3) Moreover, it appears that the liquor license was transferred, though it was transferred months after the program was broadcast. (Doc. 20 at 5) Accordingly, though the Court cannot say definitively that the defense will carry the day, it is, at least, colorable. Thus, this factor weighs in favor of setting aside the entry of default.

### iv. Prejudice

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. The relevant inquiry is "whether [the plaintiff's] ability to pursue is claim will be hindered. *Falk*, 739 F.2d at 463. A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff. *TCI Group*, 244

---

[2] Notably, the defendant reports that he currently works for La Tormenta (Doc. 18).

3

F.3d at 701 (citing *Thomspon v. American Home Assur.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

Naturally, setting aside the entry of default would delay resolution of the case. However, the length of the delay is minimal and there is no indication that witnesses have disappeared or that evidence has been lost. Accordingly, this factor weighs in favor of setting aside the entry of default or default judgment.

Consequently, the Court will set aside the default, withdraw the findings and recommendation to grant default judgment and order the defendant to respond to the complaint within 21 days.

## II.     Application to Proceed In Forma Pauperis

The Court may authorize the defense of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the application and has determined the defendant's affidavit satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, the defendant's motion to proceed in forma pauperis (Doc. 18) is **GRANTED**.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The defendant's motion to set aside the default (Doc. 19) is **GRANTED** and, in light of this finding, the motion for default judgment (doc. 15) is **DISREGARDED** as **UNRIPE**;

2. The defendant SHALL file his responsive pleading within 21 days[3];

3. The Findings and Recommendation to grant default judgment (Doc. 17) is **WITHDRAWN**;

4. The defendant's motion to proceed in forma pauperis (Doc. 18) is **GRANTED**.

IT IS SO ORDERED.

   Dated:   **January 12, 2017**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE

---

[3] The defendant is advised that his failure to file a responsive pleading within 21 days will result in default being entered against him.

4