UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> JAVIER MENDOZA CERVANTES, individually and doing business LA TORMENTA NIGHT CLUB, <br><br> Defendant. | Case No.: 1:16-cv-00485 - DAD - JLT <br><br> FINDINGS AND RECOMMENDATION TO STRIKE THE ANSWER AND TO ENTER DEFAULT |

On February 20, 2018, the Court ordered the defendant to show cause why sanctions should not be imposed for his failure to comply with the Court's orders. (Doc. 44) By that time, the defendant had failed to lodge his settlement conference statement and had failed to respond to the Court's order to notify the Court whether he intended to appear at the settlement conference. Id. Given this, it appeared to the Court that the defendant has abandoned this litigation. Id. Thus, the Court specifically warned him that his failure to respond would result in a recommendation to strike his answer and enter default. Id. at 2. His deadline to respond was March 9, 2018 (Id.), but he failed to do so.

The plaintiff's has now filed its ex parte request to strike the answer and enter default. (Doc. 47) Regardless of this request, the Court recommends that the defendant's answer be stricken and default entered.

///

1

**I. The Court has the inherent authority to strike the answer and entering default**

The court has the inherent authority "to levy sanctions in response to abusive litigation practices." Leon v. IDX Systems, 464 F.3d 951, 958 (9th Cir.2006). This power is not limited to statutory authority and may be invoked even where a statute grants the court the equivalent authority. Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1243 (9th Cir.2016). The Court's inherent authority is to be exercised "with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Imposing sanctions according to the Court's inherent authority may occur where the party has acted "vexatiously, wantonly, or for oppressive reasons." Id. at 45–46; see also Haeger, 813 F.3d at 1244 (holding that "[b]efore awarding sanctions pursuant to its inherent power, the court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith.") (internal quotations and citations omitted); Anheuser–Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir.1995) ("For dismissal to be proper, the conduct to be sanctioned must be due to willfulness, fault, or bad faith.") (internal quotations and citations omitted). In addition, "[d]ue process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.' " Anheuser–Busch, 69 F.3d at 348 (quoting Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 591 (9th Cir.1983)).

Part of the Court's inherent authority allows it to impose non-monetary sanctions including striking the answer and entering default. Haeger, at 1251 (citing Thompson v. Housing Authortity of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986)). In Employee Painters' Tr. v. Ethan Enterprises, Inc., 480 F.3d 993, 998 (9th Cir. 2007), the Court explicitly condoned striking the answer and entering default where the corporation failed to appear through counsel despite the local rule requiring

**II. Striking the answer and entering default is appropriate**

As noted above, the defendant has failed to respond to the Court's orders and, in essence, has absented himself from this process. The defendant has refused any attempts by this Court to involve him in this case and, consequently, the Court recommends that its answer be stricken.

In addition, the Court finds that entering default is warranted. In so finding, the Court has considered five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on the merits; and (5) the availability of less drastic sanctions." Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990).

First, due to the defendant's failure to cooperate with this case, the matter has languished for almost a year. See Doc. 32. Though the plaintiff has attempted to prosecute this action (Id.), these efforts have been thwarted by the defendant. This failure has deprived the plaintiffs and the public in expeditiously resolving this dispute.

Second, the Court is obligated to manage its docket and to move case as quickly as possible to a just end. The failure of the defendant to engage in the litigation process has stymied this effort.[1] Third, by allowing the matter to drag on despite the defendant's failure to cooperate and participate in it, places the plaintiff in an untenable position in which it is unable to obtain the needed discovery to effectively prosecute its case. Fourth, though the public has a strong interest in resolving cases on their merits, this is not possible here where the defendant refuses to provide even a minimal response to the Court. Finally, the Court sees no lesser sanction is available. Repeatedly, the Court has warned the defendant of what will occur if he fails to participate in this action and to comply with the Court's orders. Despite this, he has refused to modify its posture. Therefore, the Court recommends that default be entered against the defendant.

### VII. Findings and Recommendations

Based upon this analysis, the Court **RECOMMENDS**:

1. The answer (Doc. 22) be **STRICKEN**;
2. Default be entered against the defendant;
3. Plaintiff's ex parte request to strike the answer and enter default (Doc. 47) be determined to be MOOT;

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

---

[1] This failure is more remarkable in light of the fact that the Court entered default against him once before but, at his request, set aside the default so he could defend the case. (Docs. 11-13, 15, 17-21)

3

days of the date of service of these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven days of the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **March 20, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE