UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER MENDOZA CERVANTES,<br>individually and doing business as LA<br>TORMENTA NIGHT CLUB,<br><br>Defendant. | No. 1:16-cv-00485-DAD-JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S<br>MOTION FOR ATTORNEYS' FEES AND<br>COSTS<br><br>(Doc. No. 61) |

This matter came before the court on February 20, 2019 for hearing on plaintiff's motion

for attorneys' fees and costs. (Doc. No. 61.) Attorney Thomas P. Riley appeared telephonically

on behalf of plaintiff, J & J Sports Productions, Inc. ("J & J Sports"). No appearance was made

by or on behalf of defendant, against whom default judgment has previously been entered. (Doc.

Nos. 59, 60.) After oral argument, the motion was taken under submission. For the reasons

stated below, plaintiff's motion for attorneys' fees and costs is granted in part and denied in part.

**BACKGROUND**

Plaintiff commenced this action against defendant Javier Mendoza Cervantes, individually

and doing business as La Tormenta Night Club, on April 6, 2016, alleging a violation of the

Communications Act of 1934 (47 U.S.C. § 605), a violation of the Cable Television Consumer

/////

1

1     Protection and Competition Act of 1992 (47 U.S.C. § 553), and state law conversion and unfair

2     competition claims. (Doc. No. 1.)

3        According to its complaint, plaintiff was granted exclusive nationwide commercial

4     distribution rights to a sports program entitled "'The Fight of the Century' Floyd Mayweather, Jr.

5     v. Manny Pacquiao Championship Fight Program" (the "Program"), telecast on May 2, 2015. (*Id.*

6     at ¶ 14.) On that date, defendant Cervantes was the owner of La Tormenta Night Club at 2711

7     Taft Highway, Bakersfield, California. (*Id.* at ¶ 7.) Plaintiff alleges that defendant intercepted

8     and exhibited the Program at La Tormenta Night Club without authorization. (*Id.* at ¶ 11.)

9        On October 20, 2016, plaintiff filed a motion for default judgment on the grounds that

10    defendant failed to answer plaintiff's duly served complaint. (Doc. No. 15.) On November 28,

11    2016, the assigned magistrate judge issued findings and recommendations recommending that the

12    motion for default judgment be granted in part. (Doc. No. 17.) Defendant subsequently filed a

13    motion to set aside the entry of default on December 13, 2016. (Doc. No. 19.) The magistrate

14    judge, finding good cause, granted the motion to set aside the entry of default and withdrew the

15    findings and recommendations. (Doc. No. 21.)

16        Thereafter, on February 7, 2018, the assigned magistrate judge issued orders requiring

17    defendant to notify the court whether he intended to appear at the scheduled settlement

18    conference and to lodge a settlement conference statement. (*See* Doc. Nos. 38, 39.) Defendant

19    neither complied with those orders nor communicated with the court in any way. Accordingly, on

20    February 20, 2018, the magistrate judge issued an order requiring defendant to show cause in

21    writing why sanctions, including the striking of his answer and the entry of default against him,

22    should not be imposed due to his failure to comply with the court's orders. (Doc. No. 44.)

23    Defendant did not respond in any way to the order to show cause. On March 20, 2018, the

24    magistrate judge issued findings and recommendations finding that defendant had abandoned this

25    litigation, and recommending that his answer be stricken and default be entered against him.

26    (Doc. No. 48.) The undersigned adopted those findings and recommendations on April 30, 2018.

27    (Doc. No. 51.)

28    /////

1     Plaintiff renewed its motion for default judgment on June 22, 2018.  (Doc. No. 53.)  The

2   magistrate judge issued findings and recommendations recommending that the motion be granted

3   in part.  (Doc. No. 57.)  The undersigned adopted those findings and recommendations on

4   December 18, 2018.  (Doc. No. 59.)

5     On January 2, 2019, plaintiff filed the motion for attorneys' fees and costs now pending

6   before the court.  (Doc. No. 61.)  Defendant did not file an opposition to this most recent motion.

7                                        **DISCUSSION**

8   **A.     Attorneys' Fees**

9     Reasonable attorneys' fees are recoverable under 47 U.S.C. § 605(e)(3)(B)(iii).  The court

10  determines the amount of reasonable attorneys' fees by applying the "lodestar" method.  *Ferland*

11  *v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  The lodestar is calculated by

12  multiplying the number of hours the prevailing party reasonably expended on the litigation by a

13  reasonable hourly rate.  *Id.*  "In determining reasonable hours, counsel bears the burden of

14  submitting detailed time records justifying the hours claimed to have been expended."  *Chalmers*

15  *v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  "Where the documentation of hours

16  is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*, 461

17  U.S. 424, 433 (1983).  A district court should also exclude from the lodestar fee calculation any

18  hours that were not "reasonably expended," such as hours that are excessive, redundant, or

19  otherwise unnecessary.  *See id.* at 434; *see also J & J Sports Prods., Inc. v. Napuri*, No. C 10-

20  04171 SBA, 2013 WL 4428573, at *1 (N.D. Cal. Aug. 15, 2013).

21                    1.   Prevailing Market Rate in the Eastern District of California

22    The district court must determine a reasonable hourly rate, considering the experience,

23  skill, and reputation of the attorney requesting fees.  *Chalmers*, 796 F.2d at 1210.  Reasonable

24  hourly rates are calculated by reference to "prevailing market rates in the relevant community,"

25  with a special emphasis on fees charged by lawyers of "comparable skill, experience, and

26  reputation."  *Davis v. City of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992), *vacated on*

27  *other grounds,* 984 F.2d 345 (9th Cir. 1993).  Generally, the forum district represents the relevant

28  legal community.  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Camacho*

*v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (determining that "generally, the relevant community [for the prevailing market rate] is the forum in which the district court sits"); *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 n.5 (9th Cir. 2000) (same), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012).

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also Napuri*, 2013 WL 4428573, at *2.

Here, plaintiff requests a total of $13,108.00 in attorneys' fees. (Doc. No. 61 at 7.) These fees consist of 6.25 hours of work at $500.00 per hour by Thomas P. Riley, Esq. ("Riley"), 25.50 hours of work performed by an unidentified "research attorney" at $300.00 per hour, and 23.33 hours of work by an unidentified "administrative assistant" at $100.00 per hour. (*Id.*)

Plaintiff has submitted the declaration of attorney Riley in support of its fee request. (Doc. No. 61-1, Declaration of Thomas P. Riley ("Riley Decl.").) Attorney Riley states that he has been practicing law for over twenty-three years, and that his firm has specialized in the civil prosecution of signal piracy claims since 1994. (*Id.* at ¶¶ 3, 4.) Riley's declaration, however, fails to provide supporting evidence that the $500.00 billing rate he requests is the prevailing market rate in the Eastern District of California. Moreover, plaintiff has not submitted an affidavit from any attorney that worked on this case or from any other attorneys attesting to the prevailing rates in the Eastern District of California for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Davis*, 976 F.2d at 1546. Similarly, plaintiff has not submitted any evidence of hourly rate determinations in other similar cases in the Eastern District of California setting the hourly rate requested here. *See Phelps Dodge Corp.*, 896 F.2d at 407; *see also Napuri*, 2013 WL 4428573, at *2. Attorney Riley has noted that the undersigned

4

1    has previously awarded him a rate of $350.00 per hour.  (Doc. No. 61 at 5.)  At the hearing on the

2    pending motion, attorney Riley requested that if the court is not inclined to award attorneys' fees

3    based on his $500 per hour rate, it upwardly adjust the $350 rate the court has previously awarded

4    to account for cost-of-living increases over time.

5         With respect to attorney Riley, the court finds that $375.00 is a reasonable hourly rate

6    within the Eastern District of California given Riley's level of experience and the rate he has been

7    awarded in the past by this court, with a modest upward adjustment for cost-of-living.  *See, e.g.*, *J*

8    *& J Sports Prods., Inc. v. Barajas*, No. 1:15-cv-01354-DAD-JLT, 2017 WL 469343, at *2 (E.D.

9    Cal. Feb. 2, 2017) (concluding that $350.00 is a reasonable hourly rate for attorney Riley); *Joe*

10    *Hand Promotions, Inc. v. Garcia*, No. 1:12-cv-01744-LJO, 2013 WL 238369, at *3 (E.D. Cal.

11    May 30, 2013) ("Previously this court has determined that $350 is a reasonable hourly rate for

12    '(very) experienced and skilled trial counsel' within . . . the Eastern District.") (citing *Jadwin v.*

13    *County of Kern*, 767 F. Supp. 2d 1069, 1132 (E.D. Cal. 2011)), *report and recommendations*

14    *adopted*, 2013 WL 2991048 (E.D. Cal. June 14, 2013); *see also Moreau v. Daily Indep.*, 2013

15    U.S. Dist. LEXIS 29085, 2013 WL 796621 at *3 (E.D. Cal. Mar. 1, 2013) (approving rate of

16    $350 for attorneys with more than 20 years of experience)).

17         In addition, plaintiff seeks attorneys' fees based on an hourly rate of $300.00 for the

18    research attorney who worked on this case, but acknowledges that this court has previously found

19    $210.00 to be a reasonable rate for the same research attorney.  (*See* Doc. No. 61 at 5.)  Attorney

20    Riley's declaration states that the research attorney who worked on this case has been practicing

21    law for twenty-four years, and has been assisting his office with commercial signal piracy claims

22    for approximately ten years.  (Riley Decl. at ¶ 3.)  Having already found that a $375.00 hourly

23    rate is reasonable for attorney Riley in the Eastern District of California, the court finds that a

24    concomitant 25 percent reduction is also appropriately applied to the research attorney's fees, for

25    an hourly rate of $225.00.  Accordingly, plaintiff will be awarded attorneys' fees based on a rate

26    of $225.00 per hour for its research attorney.

27    /////

28    /////

2. Contemporaneous Billing

Attached as an exhibit to attorney Riley's declaration is a chart describing the services rendered and hours billed. (Riley Decl., Ex. 1.) The entries in the chart, however, are not based on contemporaneous billing records, but were "reconstructed by way of a thorough review of the files themselves" after services were rendered. (Riley Decl. at ¶ 7.)

"Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the [c]ourt gives little weight to the figures provided by [p]laintiff." *Napuri*, 2013 WL 4428573, at \*2; *see also Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW (JSC), 2011 WL 6749061, at \*2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable."); *Joe Hand Promotions, Inc. v. Be*, No. 11-CV-01333-LHK, 2011 WL 5105375, at \*7 (N.D. Cal. Oct. 26, 2011) (noting that without actual billing records, the court gives "little weight" to figures "reconstructing" billable time); *Zynga Game Network Inc. v. Erkan*, No. 09-03264 SC, 2010 WL 3463630, at \*2 (N.D. Cal. Aug. 31, 2010) (denying motion for attorneys' fees where plaintiff failed to attach "actual billing records").

Although the reconstructed billing records here are inherently less reliable, the amount of attorney time spent on this case does not appear to be "unnecessary, excessive, or unreasonable." *Joe Hand Promotions, Inc. v. Albright*, No. 2:11-cv-02260-WBS, 2013 WL 4094403, at \*4 (E.D. Cal. Aug. 13, 2013). In total, attorney Riley and the research attorney spent 31.75 hours on this matter, which has spanned nearly three years and has involved substantive motion practice, including plaintiff's filing of two motions for default judgment, an opposition to defendant's motion to set aside entry of default, and a motion for leave to file a motion for partial summary judgment. (*See generally* Riley Decl., Ex. 1.) Given the procedural history of this case, the court finds the amount of attorney time expended on this matter to be reasonable. *See Barajas*, 2017 WL 469343, at \*3; *Albright*, 2013 WL 4094403, at \*4. Accordingly, plaintiff's motion in this regard will be granted and attorneys' fees are awarded for 6.25 hours at $375.00 per hour for attorney Riley, and 25.50 hours at $225.00 per hour for the research attorney, for a total amount of $8,081.25.

1          3.  Fees for the Administrative Assistant

2          While plaintiff acknowledges that the award of attorneys' fees for the services rendered by

3   administrative assistants has been rejected by this court in the past, plaintiff asks the court to

4   reconsider its prior determinations, arguing that the tasks assigned to the administrative assistant

5   in this case were not clerical in nature, "but more akin to paralegal type work," and were not

6   duplicative of counsel's time expended on the matter.  (*Id.*)  If the court is not inclined to grant

7   the $100.00 rate requested by plaintiff, plaintiff asks the court to award $75.00 per hour for work

8   performed by the administrative assistant.  (*Id.* at 5–6.)

9          This court and others within this circuit have previously declined to award fees for clerical

10  work by administrative assistants, particularly where there is a lack of specificity in such billing

11  by administrative assistants and the billing is duplicative of attorney time.  *See, e.g.*, *J & J Sports*

12  *Prods., Inc. v. Marini*, No. 1:16-cv-0477-AWI-JLT, 2018 WL 2155710, at *2 (E.D. Cal. May 10,

13  2018); *J & J Sports Prods., Inc. v. Meza Jimenez*, No. CV-17-1320-PHX-DGC, 2018 WL

14  1621254, at *1 (D. Ariz. Apr. 4, 2018); *J & J Sports Prods., Inc. v. Barajas*, No. 15-cv-01354-

15  DAD-JLT, 2017 WL 469343, at *3–5 (E.D. Cal. Feb. 2, 2017); *J & J Sports Prods., Inc. v.*

16  *Corona*, No. 1:12-cv-01844-LJO-JLT, 2014 WL 1513426, at *2 (E.D. Cal. Apr. 16, 2014),

17  *adopted in full*, 2014 WL 1767691 (E.D. Cal. May 2, 2014).  Here, the use of block billing makes

18  it unclear how much time the administrative assistant spent on "preparation" versus "filing and

19  service" of documents, and many of the billings for attorney Riley and his administrative assistant

20  appear to be identical.  (*See generally* Riley Decl., Ex. 1.)  As the court has previously found,

21  given the lack of specificity and the clerical and duplicative nature of the tasks, no fees will be

22  awarded for tasks completed by the administrative assistant.

23  **B.     Costs**

24         47 U.S.C. § 605(e)(3)(B)(iii) requires that the court award "full costs . . . to an aggrieved

25  party who prevails."  Here, plaintiff seeks costs in the amount of $2,078.06, consisting of $400.00

26  for the complaint filing fee, $260.00 for service of process charges, $45.53 for courier charges,

27  $97.53 for photocopying charges, and $1, 275.00 for investigative expenses.  Only the costs for

28  /////

7

the filing fee,[1] service of process charges, and investigative expenses are appropriately

documented.  Plaintiff has provided no documentation to support the amount sought for courier

charges and photocopying charges, and at the hearing on the pending motion, counsel stated that

plaintiff would waive those costs.  The costs for courier charges and photocopying charges will

therefore not be awarded.

 With respect to plaintiff's request for investigative expenses, courts have refused to award

such pre-filing investigative fees to the prevailing party.  *See, e.g.*, *Napuri*, 2013 WL 4428573, at

*3; *Joe Hand Promotions, Inc. v. Piacente*, No. C-10-3429 CW (JCS), 2011 WL 2111467, at *9

(N.D. Cal. Apr. 11, 2011).  Plaintiff contends that there is a split of authority with respect to the

recovery of investigative costs.  (Doc. No. 61 at 6–7.)  While the court recognizes that

investigative costs have been awarded to the prevailing party in some of the cases cited by

plaintiff, those decisions do not address the issue or explain why the award of such costs was

appropriate.  *See, e.g.*, *J & J Sports Prods., Inc. v. Pagliaro*, 2014 WL 7140605, No. 1:12-cv-

01507-LJO-SAB, at *2 (E.D. Cal. Dec. 12, 2014) (noting only that "[p]laintiff spent $601.00 on

'Investigative Expenses,'" and awarding such costs without explanation); *J & J Sports Prods.,*

*Inc. v. Mosley*, No. C-10-5126 CW (EMC), 2011 WL 2066713, at *7 (N.D. Cal. Apr. 13, 2011)

(noting only that plaintiff's counsel submitted a declaration substantiating $600.00 for

"investigative expenses," and awarding such costs without explanation).  Plaintiff has provided

no other authority for the proposition that it is entitled to the award of investigative expenses here.

 Moreover, the court finds the analysis set forth in *Joe Hand Promotions, Inc. v. Albright*

to be instructive.  There, the court found that even if the investigative costs were recoverable, they

were insufficiently documented because plaintiff only included a bare invoice and "no additional

information regarding the qualifications of the investigation company or what services it

provided, leaving the court with no means of determining if the charge is reasonable."  2013 WL

4094403, at *6. Other jurisdictions have followed this approach.  *See, e.g.*, *Kingvision Pay-Per-*

---

[1]  Although plaintiff did not submit a copy of receipt for the complaint filing fee, the docket in
this case makes clear that the $400.00 filing fee was paid on April 6, 2016.  (*See* docket,
indicating "[f]iling fee $400, receipt number 0972-6405525".)

*View Ltd. v. Autar*, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006) ("Thus a plaintiff must document '(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate.'" (internal quotations omitted)). Here, plaintiff has submitted only an invoice and no other documentation regarding the qualifications of its investigator or an explanation of what services were provided. (*See* Riley Decl., Ex. 2.) Accordingly, the court declines to award the requested investigative costs.

In sum, the court finds that plaintiff has failed to meet its burden to support its request for costs for the courier charges, photocopying charges, and investigative expenses. Plaintiff's request for costs will be granted as to $660.00 for the filing fee and service of process costs, and denied as to all other claimed costs.

**CONCLUSION**

For the reasons set forth above,

1.  Plaintiff's motion for attorneys' fees and costs (Doc. No. 61) is granted in part and denied in part;

2.  The court awards $8,081.25 to plaintiff in attorneys' fees; and

3.  The court awards $660.00 to plaintiff in costs.[2]

IT IS SO ORDERED.

Dated:   **February 26, 2019**

_____
UNITED STATES DISTRICT JUDGE

---

[2] The total award for fees and costs is therefore $8,741.25.

9